UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARTER ONE AUTO FINANCE CORP.,

                                      Plaintiff,

                                                                                          DECISION AND ORDER

                                                                                          02-CV-6035L

                    v.

#1 HEMPFIELD MOTORS, INC.,
et al.,

                                      Defendants.
_____

Plaintiff, Charter One Auto Finance Corp. ("Charter One" or "plaintiff"), commenced this action against defendants, #1 Hempfield Motors, Anthony DeFrancesco, Jason Casino and Thomas Eperthener. Defendants DeFrancesco and Casino have filed answers, but the remaining defendants failed to answer or otherwise appear.[1]

Charter One now moves for summary judgment pursuant to FED. R. CIV. P. 56 only on the breach of contract cause of action against the answering defendants, DeFrancesco and Casino. Charter One also requests that the Court grant default judgment against #1 Hempfield Motors and

---

[1] Defendant Gabriel Naples also filed an answer. However, counsel for Naples informed the Court by letter dated August 24, 2004, that Naples's debts, including those owed to Charter One, have been discharged in a Bankruptcy in the United States Bankruptcy Court for the Western District of Pennsylvania. By not moving for relief against Naples in its pending motion, Charter One appears to concede that the discharge would void any judgment this Court entered against Naples and operates as an injunction to the continuation of the action against him based on that debt. *See* 11 U.S.C. § 524. Defendant Naples, therefore, is terminated from the action.

Eperthener. (Dkt. #24).[2] Charter One claims a balance due pursuant to assignment clauses printed on numerous retail installment contracts for the purchase of automobiles. Charter One alleges it is due $72,000, plus legal fees in the amount of $35,000. None of the defendants filed an opposition to the motion. The motion is denied.

The evidentiary record before the Court is sparse. Charter One, according to the complaint, entered into a contractual relationship with the corporate defendant, Hempfield Motors, an automobile dealership incorporated in Pennsylvania. Charter One claims that the assignment clause in the contract required Hempfield Motors to "repurchase" the finance contract and be responsible for any unpaid balance due Charter One, the finance company. Charter One claims that, in a number of instances, Hempfield Motors and defendants sold vehicles that were not free of liens and encumbrances, in contravention of the assignment clause and, therefore, became obligated to Charter One. Apparently, many of the claims relating to defective titles have been settled, but a balance remains.[3]

There are several reasons why Charter One's motion must be denied. First of all, the moving party is not entitled to relief on summary judgment simply because of a failure by the opposing party to respond to the motion. The moving party must still establish that the undisputed facts entitle it to judgment as a matter of law. *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). A court must

---

[2] The docket sheet shows that a second "motion" was filed by Charter One as Dkt. #26. All that was filed as Dkt. #26, however, was an identical copy of Charter One's "Notice of Motion," which was already before the Court in Dkt. #24. It appears Dkt. #26 is simply an electronic filing error. Thus, the only motion pending is Dkt. #24.

[3] Although plaintiff originally contended that defendants were responsible for damages arising from breaches on approximately thirty separate contracts, in its motion for summary judgment it claims that all but six of those matters have been settled.

review the motion, even if unopposed, and determine whether the moving party is entitled to summary judgment. *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004)(quoting *Custer v. Pan Am Life Insurance Co.,* 12 F.3d 410, 416 (4th Cir. 1993)).

Here, Charter One seeks judgment on its breach of contract claim against answering defendants DeFrancesco and Casino. To establish that relief, however, Charter One must show the existence of a contractual agreement that binds the individual defendants. There is insufficient evidence that anyone other than the corporate defendant, Hempfield Motors, was obligated under the contract. Charter One has failed to explain why this Court should hold employees of Hempfield liable for its acts or omissions. Although there is authority in both New York and Pennsylvania for "piercing the corporate veil," Charter One has failed to demonstrate, on the papers before me, its entitlement to such relief. All that Charter One alleges is that DeFranceso and Casino were principals of Hempfield and that their names appear on some of the contracts executed for the benefit of Hempfield. This fact alone does not establish a basis for holding the individual defendants liable. Although Charter One asserts that Hempfield Motors was involved in numerous transactions of questionable nature, it has failed to provide any evidence that would justify holding the individual defendants responsible. The only evidence before the Court are the sales contracts, and they establish very little.

Furthermore, there is insufficient evidence before the Court demonstrating entitlement to the claimed losses. Charter One has submitted a "matrix" that purports to summarize its remaining losses, but there is no supporting documentation whatsoever aside from the initial sales contracts to support the dollar amounts listed.

Finally, Charter One is not entitled to the requested relief against non-answering defendants, Hempfield Motors and Eperthener. From a procedural perspective, FED. R. CIV. P. 55 and LOCAL R. CIV. P. 55(b) require that a plaintiff attempting to secure a default judgment first obtain an entry of default from the Clerk. This application was never made by Charter One. Default judgment, therefore, is not warranted.

CONCLUSION

Charter One's motion for summary judgment against defendants Anthony DeFrancesco and Jason Casino and request for default judgment against defendants #1 Hempfield Motors and Thomas Eperthener (Dkt. #24) is denied.

The Clerk of the Court is directed to terminate the action against defendant Gabriel Naples based on his discharge in bankruptcy.

The Clerk of the Court is further directed to terminate the "motion," filed as Dkt. #26, as an electronic filing error.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 8, 2005.